[No. 22926. Department Two. February 9, 1931.]

THE STATE OF WASHINGTON, *on the Relation of Minnie G. Cook, Individually and as Executrix, Plaintiff,* v. THE SUPERIOR COURT FOR KITSAP COUNTY, *Respondent.*[1]

[1]Reported in 295 Pac. 740.

*F. W. Moore,* for relators.

MILLARD, J.—This is an original petition to this court for a writ of prohibition, to prevent the superior court for Kitsap county from holding the relator in contempt of court for refusing to give her deposition in an action brought against the relator by William Henry Gorman.

The facts, as disclosed by the petition, to which a demurrer has been interposed, are as follows: ·

Minnie G. Cook, the relator, is the executrix and one of the legatees and devisees, under a non-intervention will of the estate of Thomas Wren Gorman, deceased. William Henry Gorman, who is also a legatee and devisee under the above-mentioned will, began an action in the superior court for Kitsap county, with reference to the settlement of the estate. The Honorable H. G. Sutton, judge of the superior court for Kitsap county, was disqualified, therefore a superior court judge from another county presided at the trial. In that action, by stipulation of the parties, the commissions of the executrix and the fees of her attorneys were fixed by the court.

Shortly thereafter, William Henry Gorman instituted an action in the same court against the relator Minnie G. Cook, individually and as executrix of the estate, to recover an amount alleged to be due to him by reason of the claimed excessiveness of the fees and commissions awarded by the court in the former hearing. The Honorable H. G. Sutton could not try that action, because disqualified. A judge of an adjoining county was called in for the purpose of settling the pleadings. While that action was pending, and prior

to the filing of defendant's answer to the complaint, the defendant consented to, and did, appear before a notary public in Bremerton, for the purpose of giving her deposition to be read in the pending action. At the hearing, she refused to answer certain questions asked by the notary.

Thereupon, the notary petitioned the Honorable H. G. Sutton, judge of the superior court for Kitsap county, for an order declaring the defendant in contempt for refusing to answer the questions. The aforesaid judge, although disqualified to try the pending action, at an ex parte hearing entered an order declaring the questions were proper, which order required the defendant to appear before the notary on a certain day and answer the questions, or to be punished as and for contempt of court.

The testimony of the relator was sought under authority of Rule VIII, subd. 5, adopted by this court January 14, 1927, which reads as follows:

"1. The testimony of a witness may be taken by deposition, to be read in evidence in an action, suit or proceeding commenced and pending in any court in this state, in the following cases:   . . .
"5. When the witness is (a) a party to the action or (b) an officer, agent, partner, stockholder or employee of a party or   . . ." 140 Wash. p. xl; Rem. 1927 Sup., § 308-8.

The procedure followed by the notary was proper. It was his duty to report to the superior court that the witness refused to answer the questions propounded. It was, likewise, the duty of the superior court to consider the report and determine whether the questions were proper, and, if so, to direct the witness to answer; and, if the witness refused, the court should employ its punitive power to compel obedience.

However, the witness could not be punished for disobedience of the order, unless the order issued from a court having jurisdiction of the pending action. Neither could the witness be subjected to punishment for disobeying the order, if the judge issuing same was disqualified to try the pending action. An examination of the witness was a proceeding in an action pending in the superior court for Kitsap county. The order was not an independent process, but was connected with that pending action.

"The entire proceeding is merely a means furnished by law for the use of the court for the purpose of enabling it to obtain the evidence which may be found necessary to establish the truth of the facts in issue, and therefrom to determine the rights of the respective parties and to administer justice accordingly. It is obviously a substitute for the procedure of the courts of chancery. The object is the same, and the procedure is substantially the same. The officer taking the deposition, although he derives his authority primarily from the law, and not from the court, does not act independently of the court. He cannot proceed of his own motion, or upon the mere request of any person, to take a deposition, regardless of the court or of any action pending. He can act only in pursuance of an affidavit made and notice given in an action pending in a court, a notice given by a party to the suit or his attorney, which affidavit and notice confessedly are proceedings in the action. The taking of a deposition is as clearly one of the 'proceedings' of the court as was the taking of testimony before the master or examiner in a suit in equity." *Burns v. Superior Court of City and County of San Francisco,* 140 Cal. 1, 73 Pac. 597.

The Honorable H. G. Sutton, judge of the superior court for Kitsap county, was, theretofore, disqualified to try the pending action. It follows that the judge did not have authority to participate in any proceeding in that action, and that he proceeded in excess of his jur-

isdiction in entering the order requiring the witness to appear before the notary for examination.

The writ is granted.

TOLMAN, C. J., BEELER, FULLERTON, and BEALS, JJ., concur.